UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLEN D. BROWN

    Petitioner,

v.                                             CASE NO. 6:04-cv-1438-Orl-18JGG

ATTORNEY GENERAL, STATE OF FLORIDA, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254. Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a reply to the petition for writ of habeas corpus (Doc. No. 15). Petitioner then filed a reply (Doc. No. 18) and a supplemental reply (Doc. No. 20).

Petitioner alleges two claims for relief in his habeas petition: first, that the trial court erred by denying his motion to suppress his taped statement to the police; and second, that he received ineffective assistance of counsel.

*Procedural History*

Petitioner was charged by information with one count of sexual battery, one count of lewd or lascivious battery, and one count of contributing to the delinquency or dependency of a minor. A jury trial was held, and Petitioner was found guilty as charged

in the information. However, the trial court later dismissed the lewd or lascivious battery count. The trial court then adjudicated Petitioner guilty of sexual battery and contributing to the delinquency or dependency of a minor and sentenced him, as to both counts, to imprisonment for a term of thirteen years, followed by probation for a term of fifteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*Claim One*

Petitioner avers that the trial court erred when it denied his motion to suppress the taped statement he provided to the police. He contends that his confession resulted from both a threat and a promise of leniency in violation of his due process rights.

Petitioner raised this claim on direct appeal, but he did not present the claim in terms of a deprivation of a federal constitutional right. Generally, a "federal court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the

opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66; *see also Snowden*, 135 F.3d at 735 ("Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

In the present case, Petitioner only apprised the state court that the instant claim involved a violation of state law. Petitioner, on direct appeal, made no reference to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition), *cert. denied*, 125 S. Ct 280 (2004). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted.[1]

Moreover, since he would be precluded from now raising this claim in the state

---

[1] The Court is aware that Petitioner cited to *Miranda v. Arizona*, 384 U.S. 436 (1966), in his appellate brief; however, "one citation to a Supreme Court case without reference to a specific federal Constitutional right did not adequately put the state court on notice of Petitioner's federal claim." *See DeLeon v. Duncan*, No. 99CIV9086RCCRLE, 2002 WL 1997892, at *2 (S.D.N.Y. August 28, 2002).

courts, it is procedurally defaulted.[2] Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim must be denied.

Alternatively, this claim must be denied on the merits. To the extent Petitioner has asserted a Fourth Amendment claim, so long as he had a full and fair opportunity to litigate his claim in state court, the claim is not cognizable in a federal habeas corpus proceeding. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). In determining whether a petition has had a full and fair opportunity to litigate a claim in state court, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996). The record in this case indicates beyond question that Petitioner received a full and fair hearing in the state trial court on his claim, and the treatment of the matter was fair and candid. The Court determines that Petitioner was afforded a full and fair opportunity to litigate and have adjudicated this claim in the state courts, and he should not be permitted to further relitigate the same issue. *See Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir.), *cert. denied*, 493 U.S. 1011 (1989).

---

[2]There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

4

In addition, Petitioner's claim is precluded by section 2254(d).[3] This claim was considered by the state appellate court. *See Wright v. Moore*, 278 F.3d 1245 (11th Cir. 2002) (holding that a state court's rejection of a claim without any discussion, or issuance of an opinion, does not preclude determination that claim was adjudicated on the merits, so that state court's determination will be entitled to deference for purposes of federal habeas corpus review pursuant to AEDPA), *cert. denied*, 538 U.S. 906 (2003). In considering this claim, Petitioner has not shown that the state appellate court applied a rule that contradicted the governing law set forth in the cases of the United States Supreme Court. Furthermore, there is no indication that the result reached by the state appellate court was at odds with any United States Supreme Court case which considered "materially indistinguishable facts." Finally, Petitioner has not demonstrated that the state appellate court's application of the clearly established law regarding this claim was objectively unreasonable. Therefore, section 2254(d) bars relief as well.

---

[3]Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Claim Two*

Petitioner avers that he received ineffective assistance of counsel because counsel failed to challenge "for cause or us[e] his peremptory strikes on three jurors who could not unequivocally, for the record, lay aside their bias and prejudices to render a fair verdict."

1. *Applicability of 28 U.S.C. Section 2254(d)*

If a claim was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[4] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b)

---

[4] In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

2. *Governing Principle*

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

3. *Discussion*

This claim was raised in Petitioner's motion for postconviction relief, and the trial court denied it on the merits. The state appellate court affirmed the denial. The Court finds that this claim must be denied under section 2254(d).

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state

7

court's decision was not "contrary to" the governing legal authority.[5] The state court, which correctly identified *Strickland* as the controlling legal authority on claims of ineffective assistance of counsel, did not reach an opposite conclusion from the United States Supreme Court on a question of law. Additionally, Petitioner has not cited to any decision of the United States Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case. Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

Furthermore, the Court is unable to say that the trial court's application of *Strickland's* attorney performance standard was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state court's determination that Petitioner did not show either deficient performance by his counsel or prejudice was reasonable.

In particular, Petitioner avers that counsel failed to challenge "for cause or us[e] his peremptory strikes on three jurors who could not unequivocally, for the record, lay aside their bias and prejudices to render a fair verdict." Specifically, Petitioner identifies jurors Penny Brooke, George Williams, and Wayne Settle as individuals who demonstrated an

---

[5]The Court notes that a state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

inability to render a fair verdict.

The Court concludes that Petitioner has failed to demonstrate that these individuals exhibited any bias or prejudice during the voir dire examination. Certainly, there is no evidence that these jurors showed an inability to render a fair verdict. In fact, at the conclusion of the voir dire, the trial court asked the jury panel whether there was anyone who would "not be able to be fair in this case," and none of the above-mentioned jurors responded affirmatively. (Transcript of Trial at 46-48.)

The Court finds that trial counsel's conduct was reasonable and that Petitioner has not shown prejudice. Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or an "unreasonable application of" *Strickland*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[6] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir.) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002); *Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000)

---

[6]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

(stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); see also 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim two must be denied under section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Allen D. Brown is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 31 day of August, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

10

Copies to:
pslc 8/30
Counsel of Record
Allen D. Brown